Good morning, and may it please the Court. My name is Michael Wilber, and I represent the appellants, Township Retail Services, and Township Building Services. If the Court will allow it, I would like to reserve two minutes of my time for rebuttal. Will do our best. The District Court erred when it denied Township's motion to compel arbitration. The District Court's primary reason for refusing to enforce these plaintiffs' arbitration agreements was the class action waiver. The District Court concluded that the class action waiver made the agreements unconscionable, but that conclusion is contrary to controlling precedent from the United States Supreme Court and the California Supreme Court, the Concepcion and Iskanyan cases that are cited in our briefs. Concepcion and Iskanyan both hold that class action waivers in arbitration agreements are enforceable and thus not unconscionable. The District Court erred when it concluded otherwise. So what do you think was motivating the District Court? The District Court's order makes reference to Concepcion. I don't have an answer for that, Your Honor. I don't understand what was motivating the District Court's order, because as the Court is aware, the District Court found that the Federal Arbitration Act applies and noted Concepcion, which clearly says that class action waivers are enforceable and therefore not unconscionable. I don't have an answer for why the District Court went out. Was there an oral argument in the District Court? There was not. There was not. You may recall that the record reflects that the Court initially took the matter under submission, initially entered one order that granted the motion as to one plaintiff and denied it as to the other, and then within some matter of days or a few weeks thereafter issued the order denying as to everyone. So we didn't have oral argument. The District Court also, aside from the class action waiver issue, misinterpreted these agreements when it analogized some of the language in these agreements to an agreement that was at issue in Thomas v. Cricket Wireless, another District Court case. In Thomas, the defendant, Cricket Wireless, was attempting to use broad language in an agreement that one of the plaintiffs, Ms. Waters, had signed with another company, AT&T, in order to force Ms. Waters to arbitrate claims against Cricket that had nothing to do with her relationship with AT&T, her business relationship that had given rise to that agreement. That's not the case here. Flores, Mr. Flores and Mr. Araliga entered into agreements with Township to arbitrate all claims arising out of their employment with Township. And they are now both bringing claims that arise out of their employment with Township. Both of these arbitration agreements at issue should have been enforced by the District Court, and both plaintiffs should have been ordered to arbitrate their claims on an individual, meaning a non-class basis only. The Supreme Court, as this Court is aware, has repeatedly explained that the Federal Arbitration Act establishes, quote, a liberal federal policy favoring arbitration agreements. That comes from Epic Systems, Moses H. Cone Memorial Hospital, both of which are cited in our briefs. And the Supreme Court has said in Epic Systems and in other cases that this means that the FAA, quote, requires courts rigorously to enforce arbitration agreements. So one thing, you know, you said you couldn't quite, you didn't have an idea about what was motivating the District Court, but I think in that first order that she did, there's some concern expressed by the court that these particular plaintiffs or employees did not really know what was going on with respect to the arbitration agreement, had never been informed of it, and that one of the defendants or several of the defendants only spoke Spanish and the arbitration agreement was in English and wasn't provided to them in Spanish. Was there any legitimacy to that concern? I, if I recall correctly, one of the plaintiffs submitted a declaration to that effect. There was also, Your Honor, importantly, the record reflects this, that there was a third defendant, a separate company, not one of the township companies, that ultimately was severed from this action that had a pending motion to compel arbitration. And it's not entirely clear to me reading the first order whether the court is referring to the township agreement, the other defendant's agreement, or some combination of both of them. But as the court's aware, the District Court framed its order as being based on the defense of unconscionability. That's the way it framed its order, and the court, the District Court correctly noted that for that defense to apply, an agreement must be found to have both procedural and substantive unconscionability. I think the issues Your Honor is raising go to procedural unconscionability. And here, even assuming that the District Court correctly found these agreements to be procedurally unconscionable, where the District Court erred was when it concluded that the agreements are substantively unconscionable. That's the issue. The District Court's order because of that should be reversed with instructions to enter a new order granting the motion to compel on an individual basis only. Now I want to briefly address the plaintiff's arguments. The plaintiffs have put forward in their briefing to this court some new arguments that were not made below and that were therefore waived as a result, and we pointed that out in our reply brief. They also raised one argument that contradicts a stipulation they entered into in the District Court. What they've not done is put forward any argument that is sufficient to overcome the liberal policy favoring the enforcement of arbitration agreements. On the class action waiver issue, the plaintiffs concede in their briefs in this court and they conceded in their brief below that if the FAA applies, the holding in Gentry, which has to do with class action waivers, is preempted. That was the California Supreme Court holding. In the District Court, they were arguing that the FAA does not apply, but they were making that argument on one ground only, which is that the agreements include this generic choice of law clause that says California law applies. But the Supreme Court and this court have both long held that such clause, a generic choice of law clause, does not overcome what this court has called the strong default presumption, that's in quotes, that the FAA applies. We cited those cases on pages six and seven of our reply brief. What kind of a choice of law clause would be adequate? So what this court has said repeatedly is that if there is a showing that the, and of course we know that the FAA, the definition of what kinds of agreements are covered by the FAA are those that affect interstate commerce, and that's a very broad definition. That's the broad, it's to be interpreted according to the broadest scope of congressional power under the Commerce Clause. Once that threshold has been met, the presumption is that the FAA applies. And what this court has said in prior cases is that there must be a clear and unmistakable waiver of the FAA to take us out of that, and this court has said, just saying, in the one case that plaintiff's counsel cited, saying the English law applies doesn't, wasn't enough to take us out of FAA coverage. Has there been a case where there has been an effective choice of law? I am, I am not, I'm not aware of. Have the plaintiffs cited that? I'm not, the plaintiffs have not cited such a case, Your Honor. They cited two cases where this court said it was not effective. I have, I'm going to, I'm going to wrap up, maybe just only keep one minute of my time if that, if the court will allow it for rebuttal. And of course, as we pointed out in our reply, after the district court entered its order in this case, the plaintiffs stipulated that the FAA applies. And we put that stipulation in the further excerpts of record at page four. With the stipulation, do we need to even get into all the nuances of does the FAA apply or not in the legal analysis? I don't think so. I think, I think, I think the, the stipulation that the FAA applies and that, and that the FAA's section of the FAA that, that allows this appeal is what the plaintiffs stipulated. What would be the legal doctrine that we would rely on if we just said that? You stipulated, we're done thinking about this issue. Is that a stopple? Is that waiver? I, I, I think it's either, either or, right? They've waived the right to, they've either waived and or are estopped to, they waived the right to argue otherwise and they, and or they are estopped to argue otherwise having so stipulated. You've got less than a minute. You want to save some time? I will, I, I think I'm going to go ahead and finish my argument, okay? Aside from the, the, the FAA argument and their argument about gentry, the only other arguments the plaintiffs put forward in the district court as to substantive unconscionability had to do with the language of the agreement that relates to administrative proceedings. They, they pointed out that the agreement says an employee cannot obtain monetary relief from administrative proceedings. The agreement acknowledges that employees can pursue administrative proceedings, they just can't obtain relief. That language that's in the agreement has no impact on the claims here. There, we're not, they don't, we don't, we're not seeking an order compelling arbitration of an administrative claim, therefore that language is of no consequence. At worst, it should simply be ignored or severed from the agreement if the court had, had any problem with, with that type of language because the agreement consistent with the FAA says that a court or entity construing the agreement should administer, modify, or interpret it to the extent and such manner as to render it enforceable. All right, I think we understand your argument and you're over time. Any further questions? Thank you. Thank you. Good morning, Your Honors. My name is Robert Morelli and I represent the plaintiff's appellees, Mr. Larios and Mr. Araliga. As the court knows, this is a case about arbitration, and I want to focus on just two particular issues, one being the unconscionability arguments that form the basis of the district court's decision denying the motion to compel as well as the arguments related to the FAA and whether this court has jurisdiction, which will then tie into whether the agreement is substantively unconscionable. And I want to focus first on unconscionability since that formed the basis of the district court's decision. As counsel noted, of course, there needs to be both procedural and substantive unconscionability for the agreement to be rendered invalid. As the court is also aware, California applies a sliding scale approach to unconscionability. So the more procedural unconscionability that is present, the less substantive unconscionability needs to be found to render the agreement invalid. And I think it's worth noting the extreme levels of procedural unconscionability that were present here. We had a contract of adhesion — Counsel, I mean, I think we're familiar with the record and we read the arguments, and the issue in this case is substantive. You have to have some of both, even if you only need a little bit of one because you have a lot of the other. And the thing that we have to wrestle with is do you have any substantive unconscionability? Yes, Your Honor. And I think that the language of the agreement, as far as its breadth applying to all claims that employees may have, untethered to the employment relationship, any claim at all, if the plaintiff's work — What is the exact language from the agreement? The exact language of the agreement provides that it applies to all, quote, all claims which the employee or employer may have. Read it. The agreement to submit and settle any potential claims or legal issues to binding arbitration extends to all claims which the employee or employer may have. And that's all it says? Well, it's a two-page document, but this is the particular line in question. So by its plain language — Does it make any reference to the employment relationship? It does. It does make a reference to the employment relationship, which — I mean, it does make sense. It was in a 16-page employment document. So why would you want to argue that it applies to any and all claim? Because that's what it says. It's not ambiguous. It says it applies to all claims, Your Honor. But the reference — Claims covered by this agreement include but are not limited to claims of employment. Which would be true because it would apply to all claims, which would include employment claims. And why is that substantively unconscionable? It's substantively unconscionable because it's so far untethered from the employment relationship that it would apply to claims that have nothing to do with the party's transaction. So if — The parties are unable to agree to that? The parties certainly could, but the issue here is what the parties did agree to, not what they might agree to, Your Honor. Well, if under contract principles in the federal common law they agreed to this, what's wrong with that? The case law under the FAA is pretty clear. I mean, this Court has not issued a decision directly. Do you have a case saying that if employees agree to a binding arbitration of non-employment claims, that is unconscionable? I believe we cited that in our brief with Judge Postner from the Seventh Circuit's decision. I could provide the Court with that, but Judge Postner has issued a decision discussing this. Do you have anything closer than the Seventh Circuit, which is in Chicago? Not at the moment, Your Honor. I mean, this Court has not issued a decision directly on point, but lower courts across the nation have, which we're also cited in our brief. So, for example, if the plaintiff's appellees were janitors, if they had been two years after their employment visiting the particular facility where they worked, slipped and fell, they would then have to arbitrate their tort claim. I'm looking back at the language that you quoted a part of. Before the language you quoted, it says, should any dispute arise that cannot be settled directly between the employee and township that involves the employee-employer relationship, or the termination of the employee-employer relationship, then parties agree to arbitration. Can't we, like, shouldn't we read this whole thing together, and doesn't that provide a limiting principle? Well, I think at that point, the contract principle of construing it against the drafter would come into play. I mean, and it goes back into the procedural unconscionability, which is this was forced on them. They didn't have a chance to read it. One of them didn't even read or speak English. This was forced onto them. They could not negotiate it. And to the extent there's any ambiguity between these clauses, this should be construed against the drafter. We're going to talk about the application of the FAA, and I guess following up on some questions we had for your opponent, what do we make of the fact that your client stipulated below that the FAA applies? So the stipulation below was that the coin-based, the district court's order was appealable under the coin-based decision. The district court had concluded that the FAA applied, and at that point then, the decision is appealable under the coin-based decision. It would be a waste of judicial resources for us to oppose that motion. And then, regardless... I guess I don't understand that. You're saying that you stipulated that the FAA applies for some sort of procedural reason, but not on the merits of the question of whether the FAA applies? Well, we argued before the district court that the FAA did not apply. And the district court disagreed with that decision, found that the FAA applied. Are you cross-appealing that? We did not file a cross-appeal. But we believe it raises a jurisdictional issue, which the parties could not stipulate a way, regardless of whether we filed a cross-appeal. So why doesn't the FAA apply? Because the agreement says that it should be interpreted in accordance with California law. Why isn't that just a generic choice of law provision?  Yes, Your Honor. And the case is... It doesn't say California law shall apply, and that includes, as to any arbitration, matter, arbitrability dispute. It does not use the exact phrase arbitrability. It does say it shall be interpreted with, in accordance with California law. It's worth noting that the cases cited by Township for this proposition that a general choice of law provision is insufficient to take an agreement out of the ambit of the FAA. All of these clauses are much broader than the particular clause in issue here. I mean, again, this agreement applies that it shall be interpreted and governed by and interpreted with the laws of the State of California. And that makes it unmistakably clear, according to our case law, that the FAA doesn't apply here? I think if we look at the cases that this Court has issued on the decision, or on this issue, that they are readily distinguishable by the language that is used in those arbitration agreements. In the Brennan case, for example, it just simply states that the parties shall retain the rights of all discovery provided pursuant to the California Code of Civil Procedure. This Fed Bank, FSB Bank case, that stated that disputes shall be submitted to and resolved by binding arbitration in accordance with the laws of California. None of these cases state that the agreement should be interpreted in accordance with the law of California. And I think that that word, interpreted, is key. That is what we argue provides the clear and unmistakable evidence that this was meant to, California law should govern the issue of arbitrability. I mean, if we look at the word interpret, I mean, what does interpret mean? How to ascertain the meaning of a text, right? What does this text mean under a particular set of facts? So in this context, what does this arbitration agreement mean, or say, between the parties of disputes? And it says, look to California law to make that decision. If that language was not sufficient to make a, to be clear and unmistakable evidence of the party's intent to apply California arbitrability law, I don't think that anything other than the explicit sentence, the parties agreed that California law shall govern issues of arbitrability would meet that standard, which as a practical matter would invalidate numerous clauses where the parties did intend to have California arbitrability law apply. Are you still pressing the argument that the FAA doesn't apply because this case doesn't involve commerce? That is an argument that we raised at the, on the papers, and we believe that the township did not submit particular, or any evidence of coverage. So you are still advancing that argument? We are still advancing the argument. Did you advance it below? We did not advance it below, but if it's a, as a jurisdictional argument and we're on de novo review, we believe it would be appropriate for this court to consider. All right. I believe I'm out of time. Thank you, counsel. Thank you. All right. We thank counsel on this matter for the helpful argument. Flores, Flores-Larios et al. versus Township Building Services is submitted, and we will turn to our second case for the morning.
judges: PAEZ, BEA, FORREST